# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Missouri

In the Matter of the Seizure of )
$144,230.00 US Currency )
) Case No.  4:15MJ7041 SPM
)
)

**FILED**

JAN 2 3 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

I, Sean Kassouf, being duly sworn depose and say:

I am a Special Agent with the DEA, and have reason to believe that there is now certain property namely

$144,230.00 US Currency

which is

subject to forfeiture under Title 21, United States Code, Sections 853 & 881(a), and therefore, is subject to seizure under Title 18, United States Code, Section 981(b) and Title 21, United States Code, Sections 853(e)&(f) and 881(b) concerning a violation of Title 21, United States Code, Section 841.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

**Continued on the attached sheet and made a part hereof.**    X  Yes ___ No

_____
**Signature of Affiant**, Sean Kassouf

Sworn to before me, and subscribed in my presence

January 23, 2015 ;  9:07
**Date and Time Issued**

at St. Louis, Missouri
**City and State**

Honorable Shirley P. Mensah, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Sean Kassouf, a Special Agent with Drug Enforcement Administration, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1.  I am presently employed as a special agent and have been so employed since June, 2003. I am presently assigned as a special agent to the Drug Enforcement Administration, St. Louis Field Division Office, and have been assigned to that position for approximately twelve (12) years. I have specialized training in the prevention, detection, and investigation of controlled substances. In connection with my official DEA duties, I investigate criminal violations of federal laws, including but not limited to, Title 21, United States Code, Sections 841, 843, and 846 (drug trafficking offenses). I have participated in the normal methods of investigation, including, but not limited to, visual surveillance, witness interviews, execution of search warrants, the use of pen registers, the interception of wire communications, and the use of undercover agents.

2.  The information contained within this affidavit is either personally known by me or was provided to me by other investigators and law enforcement officers involved in the investigation of the incidents described herein. I have also read reports and otherwise reviewed materials concerning this investigation.

1

3. The following affidavit is being offered in support of two seizure warrants described herein. I am presently engaged in an ongoing investigation of a subject known as "Kristy ROJAS." The investigation has led me to discover that the two sums of currency, approximately $57,450.00 and $144,230.00 (together known as the "target currency") is subject to forfeiture. The following is a partial summary of the investigation and does not contain every fact known to investigators because it is being offered for the limited purpose of establishing probable cause in support of this application.

## PROBABLE CAUSE

4. On January 7, 2015, Special Agent Sean Kassouf and Task Force Officers Jonathan Woodard and Eric Lanham received information from a UPS employee that two suspicious packages were dropped off at the service counter on January 6, 2015, at approximately 20:34 hours, by a Hispanic female. The UPS is located at 520 S. Jefferson, St. Louis, Missouri 63103; within the Eastern District of Missouri.

5. A UPS employee stated the subject, a woman who was later identified via the shipping labels as Kristy ROJAS, had been observed inside UPS on multiple occasions for the purpose of delivering packages. Kristy ROJAS came into the UPS to mail out two packages, but was unsure if she was going to mail them via ground or air mail. The UPS employee inquired what the packages contained because of regulations on mailing certain items via air mail. Kristy ROJAS advised the packages contained "hair," and needed to be at their destinations as soon as possible. She further advised that the "hair" was to be extremely expensive. Kristy ROJAS then utilized a computer to complete the shipping labels, and advised she'd like to send both packages

2

via "over-night air." The packaging labels identified the sender as Kristy ROJAS, using the return address of 10 Picardy Lane, St. Louis, Missouri 63124, and utilizing cellular telephone number (314) 698-0168.

6. Package #1 was scheduled to be delivered from Kristy ROJAS to Lucy Diaz, Jacobson and Associates, 3580 Wilshire Blvd., Suite 1600, Los Angeles, California 90010. It was later determined that Jacobson and Associates is a personal injury attorney. Believing the package contained illegal contraband or dangerous materials, the UPS employee attempted to open the package and found it had been glued shut. At that time the package was forwarded to another UPS employee who opened the package prior to contacting agents. Upon opening, the package revealed a large bundle of unknown United States currency that was tightly wrapped in plastic and covered in what appeared to be axle grease. It is known to investigators that this method is used by subjects to attempt to conceal contraband from investigators utilizing a K-9.

7. Package #2 was also scheduled to be delivered from Kristy ROJAS to Stephanie Hill, Mega Thrift Store, 1132 West Foothill Blvd., Rialto, California 92376. Believing this package also contained illegal contraband or dangerous materials, the UPS employee attempted to open the package and found it to be glued shut. Package #2 was also forwarded to another UPS employee who opened the package which revealed a plastic bundle containing United States currency that was packaged in the same manner as Package #1. Upon identifying both Package #1 and Package #2 as contraband, it was at that time that a UPS employee contacted agents with the Drug Enforcement Administration.

8.  Both Package #1 and Package #2 were seized by SA Sean Kassouf and TFO Jonathan Woodard, and transported to the Drug Enforcement Administration St. Louis Division Office. St. John Police Department Sgt. Paul Anderson was immediately contacted and responded with his department issued K-9 "Vos." Utilizing the K-9, "Vos" immediately alerted to the United States currency inside both Package #1 and Package #2 to contain the odor of narcotics. It was later determined the total amount of United States currency seized from inside Package #1 was $57,450.00. The total amount of United States currency seized from inside Package #2 was $144,230.00.

9.  Multiple inquiries were negative identifying Kristy ROJAS, however investigators contacted cellular telephone number (314) 698-0168. A female answered the phone and identified herself as "Kristy," leading investigators to believe the telephone number was not fictitious. Upon identifying herself as "Kristy," investigators advised they had contacted the wrong number in an effort not to alert to the presence of this investigation.

10. The target currency was seized and is currently in the custody of the United States Marshals Service.

11. Based on my training and experience and the detailed facts derived in this investigation as set forth above, I submit that there is probable cause to believe that the target currency constitutes or is derived from proceeds of drug sales, and is therefore subject to seizure and forfeiture.

4